## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| M A R C U S    L A V E L L E )<br>SIMPSON, TRI COUNTY DETENTION )<br>CENTER # P-12-0003, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHRISTY LEE SIMPSON, )<br>)<br>Defendant. ) | CIVIL NO. 12-140-GPM |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff Marcus Lavelle Simpson, a pretrial detainee who currently is confined in the

Tri County Detention Center in Ullin Illinois, brings this action pro se pursuant to the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, against his estranged wife, Defendant

Christy Lee Simpson.   Mr. Simpson's complaint is before the Court for screening pursuant to 28

U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may
> be granted[.]

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which

relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though a court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* However, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of the pro se complaint in this case, Mr. Simpson and Mrs. Simpson were married in 2003, and separated shortly thereafter. The Court's records reflect that in 2003 Mr. Simpson was sentenced to two years' imprisonment in the custody of the Federal Bureau of Prisons ("BOP"), together with a term of three years' supervised release, for the offense of burglary of a post office. In 2007 Mr. Simpson's supervised release was revoked, and he was sentenced to an additional six months' imprisonment in BOP custody. Mr. Simpson alleges that during the period of his imprisonment and continued estrangement from his wife, Mrs. Simpson has committed various acts of identity theft, including using Mr. Simpson's name and Social Security number to purchase items, such as DirectTV, for which she never paid, with the result that Mr. Simpson has been harassed by bill collectors. Mr. Simpson brings this action against his estranged wife pursuant to the FTCA, as noted, and seeks damages of $4,000. The Court concludes that this action is due to be dismissed.

The FTCA permits an individual to sue the United States in federal court "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (quoting 28 U.S.C. § 1346(b)(1)). In general, the only proper party defendant in an FTCA action is the United States. *See Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (citing *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981)) (a plaintiff has no cause of action under the FTCA against a federal employee, because the exclusive remedy for injury negligently caused by such an employee is an action against the United States); *Carter v. Social Sec. Field Office*, No. 02 C 5526, 2004 WL 609316, at *4 (N.D. Ill. Mar. 22, 2004) (citing 28 U.S.C. § 2679(a)) (an action under the FTCA must be brought against the United States in its own name and not by naming a federal agency as defendant, even when the agency has statutory power to sue and be sued) (collecting cases); *Schlesner v. United States*, 246 F. Supp. 2d 1036, 1041 n.2 (E.D. Wis. 2003) ("To the extent the plaintiff attempts to assert a claim against the Social Security Administration under the FTCA, such claim must be dismissed for the simple reason that the SSA cannot be sued under the FTCA."); *Ray v. Mayfield*, No. 85 C 9186, 1987 WL 13589, at *4 (N.D. Ill. June 30, 1987) ("[T]he only proper party defendant in an FTCA action is the United States[.]"); *Newberg v. Federal Sav. & Loan Ins. Corp.*, 317 F. Supp. 1104, 1106 (N.D. Ill. 1970) (a federal agency cannot be sued under the FTCA). Inasmuch as the United States is not a party to this case, Mr. Simpson cannot sue Mrs. Simpson (who is not even alleged to be a federal employee) under the FTCA.

The Court notes a further defect in Mr. Simpson's complaint. The United States is immune from suit unless it consents to be sued. *See Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996); *Parrott v. United States*, 536 F.3d 629, 634 (7th Cir. 2008). Any waiver of sovereign immunity, such as the FTCA, must be strictly construed. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). Because the FTCA is a congressional waiver of the sovereign immunity of the United States, a plaintiff must strictly comply with the statute's requirements to have a forum for his or her claim. *See Charlton v. United States*, 743 F.2d 557, 558 (7th Cir. 1984). The FTCA provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Further specifications as to the filing of a proper administrative claim are set forth in 28 C.F.R. § 14.2, which provides, in relevant part:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]

28 C.F.R. § 14.2(a). The United States Court of Appeals for the Seventh Circuit construes 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a) as requiring that a claimant provide in his or her administrative claim "sufficient notice to enable the agency to investigate the claim and the setting of a 'sum certain.'" *Charlton*, 743 F.2d at 559. This interpretation of 28 U.S.C. § 2675(a) is supported by the

legislative history of the FTCA, which identifies the purpose of Congress in enacting the statute as "eas[ing] court congestion and avoid[ing] unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." S. Rep. No. 89-1327, at 1 (1966), *as reprinted in* 1966 U.S.C.C.A.N. 2515, 2516. The filing of an appropriate administrative claim is a jurisdictional prerequisite to maintaining a FTCA action against the federal government, and a claim by a plaintiff that has failed to comply with the statutory requirements must be dismissed. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Kanar v. United States*, 118 F.3d 527, 529 (7th Cir. 1997) ("[T]he [FTCA], as a waiver of sovereign immunity, receives a strict reading, and . . . conditions in the FTCA must be treated as limitations on the jurisdiction of the federal courts."); *Sullivan v. United States*, 21 F.3d 198, 206 (7th Cir. 1994) (citing *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011 (7th Cir. 1991)) ("[S]atisfaction of [28 U.S.C. §] 2675(a)'s exhaustion requirement is a jurisdictional prerequisite to a suit in federal court[.]"). Mr. Simpson makes no allegation that he has exhausted his administrative remedies (indeed, given that there is nothing in the complaint to suggest that Mrs. Simpson is a federal employee, it seems unlikely that Mr. Simpson had any administrative remedy to exhaust), and this failure to exhaust administrative remedies precludes the Court from considering Mr. Simpson's claim for lack of subject matter jurisdiction. *See Kendall v. Watkins*, 998 F.2d 848, 852 (10th Cir. 1993) ("[U]nless plaintiff first presented her claims to the proper federal agency and that agency finally denied them, the district court would not have had jurisdiction over plaintiff's FTCA claims."). The Court will dismiss this action.

To conclude, pursuant to 28 U.S.C. § 1915A(b)(1), the Court finds that the complaint in this case is frivolous, and therefore this action is **DISMISSED with prejudice**. Mr. Simpson is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: February 24, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge